# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 21, 2011

No. 08-60977
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ISIAH AMBO, also known as Isiah Ambos,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:00-CR-38-1

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Isiah Ambo, federal prisoner # 06113-043, moves to proceed in forma pauperis (IFP) to appeal the district court's grant of his 18 U.S.C. § 3582(c)(2) motion. The district court reduced Ambo's sentence to 235 months of imprisonment based on the retroactive amendments to U.S.S.G. § 2D1.1. The district court denied Ambo permission to proceed IFP based on evidence that he had sufficient funds to pay the appellate filing fee.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

To proceed IFP, a litigant must be economically eligible, and his appeal must raise a nonfrivolous issue. *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). Ambo has provided insufficient evidence that he is financially eligible to proceed IFP by virtue of his failure to provide this court with a certified copy of his inmate account balance during the last six months. *See* FED. R. APP. P. 24(a)(1)(A); Form 4 of the Rules of Appellate Procedure Appendix of Forms.

Nevertheless, the frivolous nature of his appeal obviates the need to determine his financial eligibility. Ambo argues that his sentence was reduced based on an incorrectly calculated presentence report (PSR), contending that the PSR erroneously held him responsible for 772.5 grams of cocaine base. He further argues that the district court should have considered a reduction in sentence below the amended guidelines range and, additionally, assigns error to the district court's failure to hold a new sentencing hearing or state reasons for the reduction.

The district court's ruling on Ambo's § 3582(c)(2) motion is reviewed for an abuse of discretion. *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 3462 (2010). Section 3582(c)(2) sentencing reduction proceedings do not constitute full resentencings; consequently, the district court is not required to give reasons for the sentence or hold a new sentencing hearing. *Id.* at 672, 674; *see United States v. Dillon*, 130 S. Ct. 2683, 2691-94 (2010). Moreover, "[a] § 3582(c)(2) motion is not the appropriate vehicle for raising [issues related to the original sentencing]." *Evans*, 587 F.3d at 674 (internal quotation marks and citation omitted); *Dillon*, 130 S. Ct. at 2693-94. Thus, Ambo's contention that his original drug quantity and corresponding base offense level was miscalculated at his original sentencing is not cognizable under § 3582(c)(2). *See Evans*, 587 F.3d at 674. Finally, the district court had no authority to sentence Ambo below the amended guidelines range. *United States v. Doublin*, 572 F.3d 235, 238 (5th Cir.), *cert. denied*, 130 S. Ct. 517 (2009). Accordingly, Ambo has not shown that his proposed appeal raises a nonfrivolous

issue.  His request for IFP is thus denied, and his appeal is dismissed as frivolous.  *See Carson*, 689 F.2d at 586; *Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2.